UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  23-cv-81073-ROSENBERG/REINHART

RAYMOND ANTHONY LEE,

        Plaintiff,

vs.

A. FOSTER, et al.,

        Defendants.

_____/

# REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S FAILURE TO COMPLY WITH DISCOVERY RULES

This is a civil rights case where the Plaintiff, Mr. Raymond Anthony Lee, is proceeding *pro se*. ECF. No. 1. Judge Rosenberg referred this case to me for discovery matters. ECF No. 24. I entered a Standing Discovery Order in February 2024. ECF No. 25.

Defendants served their first set of interrogatories and request for production in February. ECF No. 41. In March, there was a discrepancy with Mr. Lee's address. ECF No. 31 On March 19, 2024, Mr. Lee updated his address with the Court. ECF No. 32. Defendants mailed their discovery requests once again. ECF No. 41. Responses were due on or about April 18, 2024. *Id.*

On May 22, 2024, Defense filed a Motion to Compel Plaintiff's Reponses to Discovery. *Id.* In their motion, Defendants delineate their attempts to communicate with Mr. Lee after the deadline for responses had passed. *Id.* Defendants contacted

Mr. Lee via phone three (3) times, emailed the discovery requests at Mr. Lee's wishes, extended the deadline to respond to May 7, 2024, and had still yet to receive any response. *Id.* at ¶¶5-8.

I took Defendants' motion under advisement, set an in-person Discovery Status Hearing on June 7, 2024, where Mr. Lee was ordered to bring the responsive discovery documents with him to court, and cautioned that failure to appear may result in sanctions. ECF No. 42. Defendants served this order on Mr. Lee via email.

On May 30, 2024, Defendants filed a Notice of Partial Compliance notifying the Court that they received Mr. Lee's responses to Interrogatories, but not the response to the Request for Production.

On June 7, 2024, Mr. Lee failed to appear at the in-person Discovery Hearing. ECF No. 42 The Court granted Defendants' Motion to Compel, granted leave to file a motion for sanctions, waived the conferral requirement, but instructed Defense to serve any motion for sanctions via email. ECF No. 46.

On June 13, 2024, Defendants filed their Motion for Sanctions. ECF No. 47. I took it under advisement, gave Mr. Lee one final opportunity to comply, and cautioned that failure to comply may result in this Court recommending this case be dismissed. ECF No. 48. Mr. Lee's final deadline to comply with this Court's order was June 24, 2024. *Id.*

On June 25, 2024, Defendants have notified this Court that they still have not received Mr. Lee's response to the Request for Production. ECF No. 49.

Federal Rule of Civil Procedure 37 governs failures to make disclosures or to cooperate in discovery. Specifically, under Rule 37(b)(2), "if a party… fails to obey an order to provide or permit discovery… the court where the action is pending may issue further just orders. They may include dismissing the action or proceeding in whole or in part." Fed. R. Civ. P 37(b)(2)(v).

The Court is mindful that Mr. Lee is proceeding *pro se,* but he is still required to comply with procedural rules. *Burger v. Hartley*, 2012 WL 12837901, at *1 (S.D. Fla. Aug. 30, 2012) (citing *Moton v. Cowart*, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011). The Court extended Mr. Lee's deadline a fourth month, held an in-person hearing, ensured he received copies of the Court's Orders via email, and gave him 10 additional days after the Defendants moved for sanctions. As of today's date, Mr. Lee has still failed to comply and therefore I recommend that the case be DISMISSED.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court DISMISS this case for failure to obey discovery orders.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file

objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 25th day of June 2024.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE